UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CR500 HEA |
| ) | |
| HAROLD R. HOSKIN, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This case is before the Court on defendant's *pro se* Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i), [Doc. No. 72]. By Administrative Order of the Court, Defendant was appointed counsel to determine eligibility to petition the Court for compassionate release and file motions where appropriate. After review of defendant's records, counsel determined that defendant's *pro se* motion required no further supplementation by counsel. For the reasons set forth below, the Motion is denied.

**Background**

On May 1, 2018, defendant Harold R. Hoskin, Jr. pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). Defendant's conviction was based on his conduct on October 18, 2017, when a vehicle in which he was riding as a passenger was stopped by police for running a

red light. Approaching the vehicle, police officers observed Defendant crouch down toward the floorboard. During the stop, police observed an extended magazine and the end of a black pistol protruding from under Defendant's seat. The police officers found a 9mm Smith and Wesson semi-automatic pistol with a defaced serial number, together with a 30-round capacity pistol magazine containing 20 cartridges, and knotted plastic baggies containing a total of .41 grams cocaine base. The officers also learned that Defendant had an active warrant from St. Louis County for a probation violation. Defendant admitted to police that he used cocaine base and possessed a firearm. Defendant's criminal felony history includes state convictions for Possession with Intent to Distribute Marijuana and Unlawful Use of a Weapon.

 On August 1, 2018, Defendant was sentenced to 60 months imprisonment, to be followed by a two year term of supervised release. Defendant is presently imprisoned at the Federal Correctional Institution in Forrest City, Arkansas.

 Defendant is 28 years old. The U.S. Probation Office's Presentence Investigation Report noted that "defendant is healthy and has no history of health problems." The PSR also noted that "defendant has no history of mental health conditions and no history of treatment for mental health."

## Defendant's Motion

On April 30, 2020, Defendant filed a *pro se* request with the Court for compassionate release due to "untreated medical conditions and mental health issues" and due to the inability to social distance in the BOP. Defendant states that he has suffered from asthma "pretty much his entire life" but that it had seemed to be in remission. Defendant states that he has recently been experiencing breathing problems from a lack of fresh air and the lack of social distancing within the facility. Defendant states that he has requested an albuterol prescription from the medical department. He states that albuterol was "prescribed and provided by his medical professionals in the free world," but that BOP officials have denied his request, telling him, "there is nothing wrong with you." For these reasons, Defendant claims that he is unable to properly care for himself in a correctional facility setting.

Defendant also states that he has suffered from mental health issues from early childhood including ADHD and PTSD. Defendant notes that he lost his mother at 9 years old and was placed in numerous children's homes by the Division of Family Services. Defendant states the he "consulted a Psychiatrist on a regular basis." He states that BOP officials do not treat his mental health issues. Defendant states that he also has depression related to his inability to see or provide for his children. He states that his concern about his children having both

3

parents in their lives is so great that he has "made a solemn vow" to never again do anything that could take him out of his children's daily lives.

In the conclusion to his motion, Defendant asks the Court to consider that "his counsel did nothing to ensure that at the time of the offense that Defendant could know or appreciate that he could not possess a firearm because of prior convictions." He then states that under recent Supreme Court precedent, "counsel had a duty to ensure the Court of the knowing element of §922(g) to thus ensure a factual basis existed to support the conviction."

Defendant attaches to his motion a letter dated March 23, 2020 and addressed to the Warden of FCI Forrest City Low in which Defendant requests the Warden file a motion on his behalf for a reduction in sentence based on untreated medical conditions and mental health issues. In the instant motion, Defendant states that the Warden did not respond to this request.

Defendant also attaches to motion his BOP Individualized Reentry Plan – Program Review document. This document shows that he is participating in residential drug treatment and drug education programs, that he is paying quarterly toward his $100.00 assessment, and that his behavior is good overall, although he did not enroll in a recommended class. The document also includes medical and

4

mental health care assignments: both are care category 1, representing "Healthy or Simple Chronic Care."

## Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

In evaluating a defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline §

1B1.13, which governs compassionate-release reductions, provides some specific examples, including:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old;
>
>> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

6

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Because Defendant filed a request for compassionate release with the warden which remained unanswered after 30 days lapsed, he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

In support of his request, Defendant cites his allegedly untreated medical and mental health conditions and his inability to socially distance in a correctional facility to protect himself from the COVID-19 virus. He also cites his good behavior while in the BOP and complains about the effectiveness of his counsel in the underlying conviction.

The Court does not find that Defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. Defendant has offered no evidence to support his claimed physical and mental illnesses, including asthma, ADHD, PTSD, and depression. Although Defendant claims to suffered from these conditions since childhood, they are not referenced in Defendant's PSR. Similarly, Defendant's purported albuterol prescription was not

recorded in the PSR. Even if Defendant produced evidence that he has asthma, an asthma diagnosis during the COVID-19 pandemic does not necessarily constitute an extraordinary and compelling circumstance warranting compassionate release.

The Court notes that Defendant alleges that he is not receiving adequate care or treatment from the BOP for his physical and mental health conditions. Defendant offers no evidence or detailed allegations about the treatment denials he has purportedly faced from the BOP staff. Regardless, a motion for compassionate release is not the proper vehicle for asserting claims of inadequate medical care from the BOP and Defendant's wholly unsupported claims need not be considered here.

Defendant's involvement in prison programs and good behavior are commendable. However, rehabilitative efforts do not constitute extraordinary and compelling circumstances warranting defendant's release. *See* U.S.S.G. § 1B1.13, application note 3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

Finally, Defendant's complaint about ineffectiveness of his guilty plea counsel has no bearing on a motion for compassionate release and will not be considered here.

For the foregoing reasons, this Court finds that Defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to support the requested sentence reduction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Modification under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 72] is denied.

Dated this 22nd day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE